cc: Fiscal

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 8:13-cv-01107-DSF-JC |
| Plaintiff, | [proposed] **STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT SJ CAPITOL, LLC** |
| v. | |
| **ASSET & CAPITAL MANAGEMENT GROUP**, *et al.*, | |
| Defendants. | |

Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action on July 23, 2013, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a).  On motion by the FTC, on July 24, 2013, this Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze, appointment of receiver, and other equitable relief against Defendants Asset and Capital Management Group, Crown Funding Company, LLC, One FC, LLC, Credit MP, LLC, Western Capital Group, Inc., SJ Capitol, LLC, Green Fidelity Allegiance, Inc., Thai Han, Jim Tran Phelps, Keith Hua, and James Novella.  The FTC, Defendant SJ Capitol, LLC ("Stipulating Defendant" or "SJ Capitol"), and the Receiver have stipulated and agreed to entry of a preliminary injunction order ("Order").

The Receiver is entering into this Preliminary Injunction on behalf of SJ Capitol based upon the powers granted to him under the TRO.  The Receiver notes that SJ Capitol has not appeared in this action through counsel to oppose entry of the preliminary injunction.  The Receiver has spoken to the principal for SJ

Capitol, Shenea January, who has indicated she does not intend to oppose entry of the Preliminary Injunction.

**FINDINGS OF FACT**

By stipulation of the parties, the Court finds as follows:

1. The FTC and the Stipulating Defendant have stipulated and agreed to the entry of this preliminary injunction order without any admission of wrongdoing or violation of law, and without a finding by the Court of law or fact other than stated below.

2. The Stipulating Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

3. This Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over all the parties hereto, and venue in this district is proper.

4. The FTC asserts that there is good cause to believe that the Stipulating Defendant has engaged and is likely to continue to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692-1692p, and that the FTC is therefore likely to prevail on the merits of this action.

5. The FTC asserts that there is good cause to believe that consumers will suffer immediate and continuing harm unless the Stipulating Defendant is restrained and enjoined by Order of this Court.

6. Pursuant to Sections IX.L and IX.M of the TRO, the Receiver deems it necessary and advisable to enter into this Preliminary Injunction on behalf of SJ Capitol, LLC in order to preserve assets of the receivership estate.

7. No security is required of any agency of the United States for issuance of a preliminary injunction, Fed. R. Civ. P. 65(c).

8. The entry of this Preliminary Injunction is in the public interest.

**DEFINITIONS**

A.     "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

B.     "**Consumer**" means any person.

C.     "**Corporate Defendants**" means Asset and Capital Management Group, Crown Funding Company, LLC, One FC, LLC, Credit MP, LLC, Western Capital Group, Inc., SJ Capitol, LLC, Green Fidelity Allegiance, Inc., and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

D.     "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

E.     "**Defendants**" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

F.     "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

G.     "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to,

any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

H.   "**Individual Defendants**" means Thai Han, Jim Tran Phelps, Keith Hua, and James Novella.

I.   "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

J.   "**Related Entities**" means 77 DKS Capital, LLC; 88 SAT Capital, LLC; Alhambra Enterprises, LLC; Asset Portfolio Partners, LLC; BIT, Inc.; Bureau of Asset Management, LLC; First Franklin Holdings, Inc.; Han Dynasty, Inc.; Hush Lah, Inc.; Individual Security & Holdings, Inc.; JTIG, Inc.; Web Audict, LLC; American FP, LLC; American PG, LLC; Capital FC, LLC; Capital FP, LLC; Capital IG, LLC; First FF, LLC; First FG, LLC; First FS, LLC; First Planners United, LLC; Freeman United Holdings, LLC; Global AG, LLC; Global Holding Services, LLC; Grant Services Management, LLC; Heinz Capital Funding, LLC; Las Vegas Funding & Financial; Leon Solutions Services, LLC; National FC, LLC; National IG, LLC; National Service Partners, LLC; New Capital Holdings, Inc.; Pacific Holding Partners, LLC; Portfolio MG, LLC; Premiere PG, LLC; Revere Recovery Group, LLC; United CC Holdings, LLC; United Services Partnership, LLC; and JF Trinity Fundings, LLC.

K.   The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

**ORDER**

**PROHIBITED REPRESENTATIONS**

I.   **IT IS THEREFORE ORDERED** that in connection with the collection or the attempted collection of any debt, the Stipulating Defendant and its successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

    A.   Misrepresenting, or assisting others who are misrepresenting, expressly or by implication, orally or in writing, any of the following:

        1.   that any Defendant or any other person is a process server, or working with a process server, and seeking to serve a consumer with legal papers pertaining to a lawsuit against such consumer;

        2.   that any Defendant or any other person is employed by, or working with, a lawyer who has reviewed a consumer's case and is preparing a lawsuit against the consumer;

        3.   that non-payment of a purported debt will result in a consumer's arrest, or in seizure, garnishment, or attachment of a consumer's property or wages;

        4.   that Defendants or any other person has filed, or intends to file imminently, a lawsuit against a consumer; or

        5.   the character, amount, or legal status of a debt;

    B.   Communicating with third parties for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary

Page 5 of 28

1 | to effectuate a postjudgment judicial remedy;

2 | C.   Placing telephone calls without meaningfully disclosing the caller's

3 | identity;

4 | D.   Failing to disclose or disclose adequately in the initial communication

5 | with a consumer that any Defendant or any other person is a debt

6 | collector attempting to collect a debt and that any information

7 | obtained will be used for that purpose;

8 | E.   Threatening to take action that is not lawful or that any Defendant or

9 | any other person does not intend to take;

10 | F.   Using any false representation or deceptive means to collect or

11 | attempt to collect a debt, or to obtain information concerning a

12 | consumer;

13 | G.   Failing to provide consumers, within five days after the initial

14 | communication with a consumer, a written notice containing:  (1) the

15 | amount of the debt; (2) the name of the creditor to whom the debt is

16 | owed; (3) a statement that unless the consumer, within thirty days

17 | after receipt of the notice, disputes the validity of the debt, or any

18 | portion thereof, the debt will be assumed to be valid by the Stipulating

19 | Defendant; (4) a statement that if the consumer notifies the Stipulating

20 | Defendant in writing within the thirty-day period that the debt, or any

21 | portion thereof, is disputed, the Stipulating Defendant will obtain

22 | verification of the debt or a copy of a judgment against the consumer

23 | and a copy of such verification or judgment will be mailed to the

24 | consumer by the Stipulating Defendant; and (5) a statement that, upon

25 | the consumer's written request within the thirty-day period, the

26 | Stipulating Defendant will provide the consumer with the name and

address of the original creditor, if different from the current creditor; and

H.    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person, including but not limited to:  (1) using or threatening to use violence or other criminal means to harm the physical person, reputation, or property of any person; (2) using obscene or profane language or language the natural consequence of which is to abuse the hearer; or (3) causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

**ASSET FREEZE**

**II.    IT IS FURTHER ORDERED** that the Stipulating Defendant is hereby restrained and enjoined from directly or indirectly:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are: (1) owned or controlled, directly or indirectly, by any Defendant(s), in whole or in part, or held, in whole or in part, for the benefit of any Defendant(s); (2) in the actual or constructive possession of any Defendant(s); or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant(s), including but not limited to, any assets of the

Related Entities, and any assets held by, for, or under the name of any Defendant(s) at any bank, savings and loan institution, or bank of any Defendant(s), or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B.   Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant(s), or subject to access by any Defendant(s);

C.   Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Defendant(s);

D.   Obtaining a personal or secured loan;

E.   Incurring liens or encumbrances on real property, personal property or other assets in the name, singly or jointly, of any Defendant(s); and

F.   Cashing any checks from consumers, clients, or customers of any Defendant(s).

G.   The funds, property, and assets affected by this Order shall include: (a) all assets of the Stipulating Defendant as of the time this Order is entered, and (b) those assets obtained after entry of this Order that are obtained from any debt collection activities that predate the entry of this Order.

**RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES**

**III.   IT IS FURTHER ORDERED** that any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, trust, entity, or person that holds, controls, or maintains custody of any account or asset owned or controlled, directly or indirectly, by the Stipulating Defendant, or has held,

controlled, or maintained any account or asset of, or on behalf of, the Stipulating Defendant, upon service with a copy of this Order, shall:

A.    Hold and retain within its control and prohibit the Stipulating Defendant from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any of the assets, funds, or other property held by or on behalf of the Stipulating Defendant in any account maintained in the name of or for the benefit of the Stipulating Defendant, in whole or in part, except as directed by further order of the Court or as directed in writing by the Receiver;

B.    Deny the Stipulating Defendant access to any safe deposit box titled in the name of the Stipulating Defendant, individually or jointly, or subject to access by the Stipulating Defendant, whether directly or indirectly.

C.    Provide counsel for Plaintiff and the Receiver, within three (3) business days after being served with a copy of this Order, a certified statement setting forth:

1.    the identification number of each such account or asset (1) titled in the name, individually or jointly, of the Stipulating Defendant; (2) held on behalf of, or for the benefit of, the Stipulating Defendant; (3) owned or controlled by the Stipulating Defendant; or (4) otherwise subject to access by the Stipulating Defendant, directly or indirectly;

2.    the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total

funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

3. the identification of any safe deposit box that is either titled in the name of the Stipulating Defendant, or is otherwise subject to access by the Stipulating Defendant; and

4. if an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on such date, and the manner in which such account or asset was closed or removed.

5. Provide counsel for Plaintiff and the Receiver, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

6. *Provided,* that a financial institution does not have to provide the information required in this sub-section if (1) the financial institution has complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

### FINANCIAL REPORTS AND ACCOUNTING

IV.   **IT IS FURTHER ORDERED** that the Stipulating Defendant, within three (3) business days of service of this Order, shall prepare and deliver to counsel for the FTC:

A.   A completed financial statement accurate as of the date of service of this Order (unless otherwise agreed upon with FTC counsel) in the form of **Attachment B** to the TRO captioned, "Form Re:  Financial Statement for Business Entity Defendant."

B.   A completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $1,000 or more since January 1, 2009.  Such statement shall include:  (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid the Stipulating Defendant.  Each statement shall specify the name and address of each financial institution and brokerage firm at which the Stipulating Defendant has accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as domestic accounts.

C.   *Provided*, that the Stipulating Defendant does not have to provide such financial reports if (1) it has complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

### CONSUMER CREDIT REPORTS

**V.**   **IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning the Stipulating Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

### REPATRIATION OF FOREIGN ASSETS

**VI.**   **IT IS FURTHER ORDERED** that, within five (5) business days following the service of this Order, the Stipulating Defendant shall:

A.    Provide counsel for the FTC with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either:  (1) by it; (2) for its benefit; (3) in trust by or for it, individually or jointly; or (4) under its direct or indirect control, individually or jointly;

B.    Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either:  (1) by it; (2) for its benefit; (3) in trust by or for it, individually or jointly; or (4) under its direct or indirect control, individually or jointly;

C.    Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents;

D.    Provide the FTC access to all records of accounts or assets of the Stipulating Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to the TRO as **Attachment C**; and

E.    *Provided,* that the Stipulating Defendant does not have to provide such financial reports if (1) it has complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

## NON-INTERFERENCE WITH REPATRIATION

**VII.**  **IT IS FURTHER ORDERED** that the Stipulating Defendant, and each of its successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who

receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section VI of this Order, including but not limited to:

A.    Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section VI of this Order; and

B.    Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section VI.

### CONTINUATION OF RECEIVERSHIP

**VIII. IT IS FURTHER ORDERED** that Thomas W. McNamara shall continue to serve as Receiver for the business activities of the Stipulating Defendant with the full power of an equity receiver. The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with any laws and Local Rules of this Court governing receivers, including but not limited to Local Rules 66-1 through 66-5.1 and Local Rule 66-8.

## DUTIES OF RECEIVER

**IX.    IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.    Assume full control of the Stipulating Defendant by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Stipulating Defendant, including any named Defendant, from control of, management of, or participation in, the affairs of the Stipulating Defendant;

B.    Take exclusive custody, control, and possession of all assets, documents, and electronically stored information of, or in the possession, custody, or under the control of, the Stipulating Defendant, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Stipulating Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Stipulating Defendant. *Provided, however,* that the Receiver shall not attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C.    Take all steps necessary to secure the business premises of the Stipulating Defendant.  Such steps may include, but are not limited to, the following, as the Receiver deems necessary or advisable:

1.    serving and filing this Order;

2.    completing a written inventory of all Receivership assets;

3.    obtaining pertinent information from all employees and other

agents of , including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4.     videotaping all portions of the location;

5.     securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

6.     requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Stipulating Defendant; and

7.     requiring all employees, independent contractors, and consultants of the Stipulating Defendant to complete a questionnaire submitted by the Receiver;

D.     Conserve, hold, and manage all Receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Stipulating Defendant, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

E.     Liquidate any and all securities or commodities owned by or for the benefit of the Stipulating Defendant that the Receiver deems to be advisable or necessary;

F.   Enter into contracts and purchase insurance as the Receiver deems to be advisable or necessary;

G.   Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Stipulating Defendant;

H.   Manage and administer the business of the Stipulating Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.   Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J.   Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Stipulating Defendant prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Stipulating Defendant, such as rental payments;

K.   Determine and implement the manner in which the Stipulating Defendant will comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

L.   Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Stipulating Defendant, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M.   Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Stipulating Defendant, that the Receiver deems necessary and advisable to preserve the assets of the Stipulating Defendant or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

N.   Continue and conduct the business of the Stipulating Defendant in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; *provided, however,* that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate; *provided, further,* that if the Receiver makes the good faith determination that the business of the Stipulating Defendant cannot be lawfully operated at a profit, the Receiver is directed and authorized to wind up the business affairs of the Stipulating Defendant, including, where appropriate, liquidating all assets. The Receiver may take any necessary measures to preserve the assets of the receivership estate, including the sale of property and the termination of contracts, including but not limited to leases of business premises.

O.  Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership estate and compliance with this Order.  Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

P.  Open one or more bank accounts in the Central or Southern District of California as designated depositories for funds of the Stipulating Defendant.  The Receiver shall deposit all funds of the Stipulating Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

Q.  Maintain accurate records of all receipts and expenditures that the Receiver makes as Receiver;

R.  Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

S.  Be responsible for maintaining the chain of custody of all of the Stipulating Defendant's records in his possession, pursuant to procedures to be established in writing with the approval of the FTC.

## COOPERATION WITH RECEIVER

**X.  IT IS FURTHER ORDERED** that:

A.  The Stipulating Defendant, and its officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with

and assist the Receiver.  The Stipulating Defendant's cooperation and assistance shall include, but not be limited to:

1.  Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect documents and assets and to partition office space;

2.  Providing any password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and

3.  Advising all persons who owe money to the Stipulating Defendant that all debts should be paid directly to the Receiver.

B.  The Stipulating Defendant and its officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

1.  Transacting any of the business of the Stipulating Defendant;

2.  Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of the Stipulating Defendant, including but not limited to contracts, agreements, consumer files, consumer lists, consumer addresses and telephone

numbers, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to Defendants' services, debt collection training materials, debt collection scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Stipulating Defendant or any other entity directly or indirectly under the control of the Stipulating Defendant;

3.   Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Stipulating Defendant, or the Receiver;

4.   Excusing debts owed to the Stipulating Defendant;

5.   Failing to notify the Receiver of any asset, including accounts, of the Stipulating Defendant held in any name other than the name of the Stipulating Defendant, or by any person or entity other than, or failing to provide any assistance or information requested by the Receiver in connection with obtaining

Page 20 of 28

possession, custody, or control of such assets;

6.     Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by Defendants or any other entity directly or indirectly under the control of the Defendants;

7.     Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this Reeivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Stipulating Defendant; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court;

8.     Filing, or causing to be filed, any petition on behalf of the Stipulating Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court; and

9.     Creating, operating, exercising any control over, becoming employed by or affiliated with, or performing any work for any business entity, including but not limited to any partnership, limited partnership, joint venture, sole proprietorship, or corporation without first providing the FTC with a sworn written statement at least seven (7) calendar days prior to such creation, operation, exercise, employment, affiliation, or

performance of work disclosing:

    a.    The name, address and telephone number of the business entity;

    b.    The names of the business entity's officers, directors, principals, managers, and employees; and

    c.    A detailed description of the business entity's intended activities and the nature of the duties or responsibilities of the Stipulating Defendant.

## DELIVERY OF RECEIVERSHIP PROPERTY

**XI.**  **IT IS FURTHER ORDERED** that:

    A.    Immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, the Stipulating Defendant or any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to, possession, custody, and control of the following to the Receiver:

    1.    All assets of the Stipulating Defendant;

    2.    All documents and electronically stored information of the Stipulating Defendant, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

    3.    All assets belonging to members of the public now held by the Stipulating Defendant;

    4.    All keys, computer and other passwords, entry codes,

combinations to locks required to open or gain or secure access to any assets or documents of the Stipulating Defendant, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

5.   Information identifying the accounts, employees, properties, or other assets or obligations of the Stipulating Defendant.

B.   In the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section XI, the Receiver may file *ex parte* with the Court an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R. Civ. P. 4(c)(1)) to seize the asset, document, or other thing and to deliver it to the Receiver.

## COMPENSATION FOR RECEIVER

**XII.   IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Stipulating Defendant.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order.  The Receiver

shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## RECEIVER'S REPORTS

**XIII.**   **IT IS FURTHER ORDERED** that the Receiver shall periodically report to this Court regarding:  (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Stipulating Defendant; (3) the sum of all liabilities of the Stipulating Defendant; (4) the steps the Receiver intends to take in the future to:  (a) prevent any diminution in the value of assets of the Stipulating Defendant, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Stipulating Defendant, if appropriate; (5) whether the business of the Stipulating Defendant can be operated lawfully and profitably; and (6) any other matters which the Receiver believes should be brought to the Court's attention.  *Provided, however,* if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## RECEIVER'S BOND

**XIV.**   **IT IS FURTHER ORDERED** that the bond in the sum of $5,000 previously filed by the Receiver with the Clerk of this Court shall remain in effect, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**XV.**   **IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation or court order, the Stipulating Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who

receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with any debt collection service.

**STAY OF ACTIONS**

**XVI.  IT IS FURTHER ORDERED** that:

    A.    Except by leave of this Court, during pendency of the Receivership ordered herein, the Stipulating Defendant and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Stipulating Defendant, any of its subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

        1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

        2.    Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4. Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this Receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Stipulating Defendant;

B. This Section XVI does not stay:

1. The commencement or continuation of a criminal action or proceeding;

2. The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3. The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4. The issuance to the Stipulating Defendant of a notice of tax deficiency; and

C. Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or

entity may thereafter seek an Order of this Court with regard to the relief requested.

## SERVICE OF THIS ORDER

**XVII. IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Express Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, on the Stipulating Defendants or any other persons or entities that may be subject to any provision of this Order.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**XVIII.      IT IS FURTHER ORDERED** that within three (3) calendar days after service of this Order, the Stipulating Defendant shall provide a copy of this Order to each of their agents, employees, directors, officers, subsidiaries, affiliates, attorneys, independent contractors, representatives, franchisees, and all persons in active concert or participation with the Stipulating Defendant.  Within five (5) calendar days following this Order, the Stipulating Defendant shall provide the FTC with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that the Stipulating Defendant has served with a copy of this Order in compliance with this provision.

## CORRESPONDENCE WITH PLAINTIFF

**XIX. IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff shall be sent either via electronic transmission or via Federal Express to:  Gregory A. Ashe, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room NJ-3158, Washington, DC 20580.  Email: gashe@ftc.gov; Telephone: (202) 326-3719; Facsimile: (202) 326-3768.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURISDICTION

**XX.**    **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of
this matter for all purposes.


**IT IS SO ORDERED,** this 19th day of August 2013.

*Dale S. Fischer*

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE