1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

17

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 8:13-cv-01107-DSF-JC |
| Plaintiff, | **STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS TO DEFENDANTS JAMES NOVELLA AND GREEN FIDELITY ALLEGIANCE, LLC** |
| v. | |
| **ASSET & CAPITAL MANAGEMENT GROUP**, *et al.*, | |
| Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

        Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action

on July 23, 2013, pursuant to Section 13(b) of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a).  On motion by the FTC, on

July 24, 2013, this Court entered an *ex parte* temporary restraining order ("TRO")

with asset freeze, appointment of receiver, and other equitable relief against

Defendants Green Fidelity Allegiance, Inc. and James Novella.  On August 19,

2013, the Court entered a Stipulated Preliminary Injunction against defendants

1
2
3
4
5
6

James Novella and Green Fidelity Allegiance, Inc. ("Stipulated Preliminary

Injunction").  The FTC, defendants James Novella and Green Fidelity Allegiance,

Inc., and the Receiver have stipulated and agreed to entry of this Final Order for

Permanent Injunction and Settlement of Claims ("Order") to resolve all matters in

dispute in this action between them.

### FINDINGS

By stipulation of the parties, the Court finds as follows:

1. This is an action by the FTC instituted under Section 13(b) of the FTC Act,
   15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a).
   The Complaint seeks both permanent injunctive relief and equitable
   monetary relief for the Stipulating Defendants' alleged deceptive acts or
   practices as alleged therein.

2. The FTC has the authority under Section 13(b) of the FTC Act and
   Section 814(a) of the FDCPA to seek the relief it has requested, and the
   Complaint states a claim upon which relief can be granted against the
   Stipulating Defendants.

3. This Court has jurisdiction over the subject matter of this case and has
   jurisdiction over the Stipulating Defendants.  Venue in the Central District
   of California is proper.

4.    The activities of the Stipulating Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.    The Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, the Stipulating Defendants admit the facts necessary to establish jurisdiction.

6.    The Stipulating Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  The Stipulating Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.  The FTC and the Stipulating Defendants each shall bear its own costs and attorneys' fees.

7.    This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.    Entry of this Order is in the public interest.

## DEFINITIONS

1.    "**Consumer**" means any person.

2.  "**Credit repair services**" means using any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating, or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

3.  "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

4.  "**Debt collection activities**" means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due, another.

5.  "**Debt collector**" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The term also includes any creditor who, in the process of collecting its own debts, uses any name other than its own which would indicate that a third person is collecting or attempting to collect such debts. The term also include any person to the extent such person receives an

assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt.

6.     "**Financial-related product or service**" means any product, service, plan, or program represented, expressly or by implication, to:

A.     provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit;

B.     provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services;

C.     provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any secured or unsecured debt relief product or service;

7.     "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

8.     "**Receivership Entities**" means the Stipulating Corporate Defendant, Mada Loyalty Group Inc., and any successors, assigns, affiliates, and subsidiaries that conduct any business related to the Defendants' debt collection business and that the Receiver has reason to believe are owned or controlled in whole or in part by any of the Stipulating Defendants.

9.   "**Regulated depository institution**" means a national bank, a member bank of the Federal Reserve System, a bank insured by the Federal Deposit Insurance Corporation, a branch or agency of a foreign bank or commercial lending company owned or controlled by a foreign bank, a Federal or State savings association, a Federal credit union, or any other institution otherwise regulated by the Federal Reserve Board, the Office of the Comptroller of the Currency, the Federal Deposit Insurance Corporation, or the National Credit Union Administration.

10.  "**Secured or unsecured debt relief product or service**" means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to (A) negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector; (B) stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession; (C) obtain any

forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation; (D) negotiate, obtain, or arrange any extension of the period of time within which the person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral; (E) obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or (F) negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.  The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a person's application for the mortgage, loan, debt, or obligation.

11.   "**Stipulating Individual Defendant**" means James Novella.

12.   "**Stipulating Corporate Defendant**" means Green Fidelity Allegiance, Inc., and its successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

13. "**Stipulating Defendants**" means the Stipulating Individual Defendant and the Stipulating Corporate Defendant, individually, collectively, or in any combination, and each of them by whatever names each might be known.

## ORDER

## BAN ON DEBT COLLECTIONACTIVITIES

I. **IT IS THEREFORE ORDERED** that the Stipulating Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

A. Engaging in debt collection activities;

B. Assisting others engaged in debt collection activities; and

C. Advertising, marketing, promoting, offering for sale, or selling, or assisting others engaged in the advertising, marketing, promoting, offering for sale, or selling, of any portfolio of consumer or commercial debt or any program that gathers, organizes, or stores consumer information relating to a debt or debt collection activities.

*Provided*, that Section I.C. shall not prohibit the Stipulating Individual Defendant from engaging in any activity involving or related to advertising,

marketing, promoting, offering for sale, or selling of any portfolio of consumer or commercial debt, if the Stipulating Individual Defendant is the employee of a regulated depository institution and engages in the activity in the context of such employment.  This proviso shall not be construed to limit the licensing or regulatory powers of any federal, state, or local government agency or other entity regulating depository institutions.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

**II.     IT IS FURTHER ORDERED** that the Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial-related product or service, are hereby permanently restrained and enjoined from:

A.     Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

1.     The terms or rates that are available for any loan or other extension of credit;

2.    Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

3.    That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

4.    Any aspect of any secured or unsecured debt relief product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such secured or unsecured debt relief product or service; the amount of time before which a consumer will receive settlement of that consumer's debts; or the reduction or cessation of collection calls;

5.    That a consumer will receive legal representation;

6.    That any particular outcome or result from a financial-related product or service is guaranteed, assured, highly likely or probable, or very likely or probable;

7. The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer; and

8. Any other fact material to consumers concerning any financial-related product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B. Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## CONSUMER INFORMATION

III. **IT IS FURTHER ORDERED** that the Stipulating Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from directly or indirectly:

A.    Failing to provide sufficient consumer information to enable the FTC to administer efficiently consumer redress. If a representative of the FTC requests in writing any information related to redress, the Stipulating Defendants must provide it, in the form prescribed by the FTC, within 14 days.

B.    Disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) of any person that any Defendant obtained prior to entry of this Order in connection with the collection or attempted collection of any debt, and

C.    Failing to destroy such consumer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the FTC.

D.    **Provided, however,** that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

### MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IV.  IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of FOUR HUNDRED TWENTY ONE THOUSAND FOUR HUNDRED AND NINETY FIVE DOLLARS ($421,495) is entered in favor of the FTC against the Stipulating Defendants, jointly and severally, as equitable monetary relief.

B.  In partial satisfaction of the judgment against the Stipulating Defendants, all financial institutions holding accounts in the name of, on behalf of, or for the benefit of, any Receivership Entity shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver or his designated agent, all funds, if any, in such accounts, including, but not limited to:  (a) Bank of America shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account numbers xxxx7853 in the name of Green Fidelity Allegiance, Inc., and xxxx1691 in the name of Mada Loyalty Group, Inc.; (b) Forte Payment Systems shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account numbers xxxx6523 in the name of Green Fidelity Allegiance, Inc., xxxx5704 in the name of Green Fidelity Allegiance, Inc. d/b/a/ WRA, and xxxx6022 in the name of Mada Loyalty Group, Inc.; (c) Global Payments Direct, Inc.

shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account numbers xxxx5704 in the name of Green Fidelity Allegiance, Inc. and xxxx6022 in the name of Mada Loyalty Group, Inc.

C.  Upon the asset transfers identified in this Section, the remainder of the judgment is suspended as to the Stipulating Individual Defendant, subject to the Subsections below.

D.  The asset freeze is modified to permit the transfers identified in this Section.  Upon completion of those transfers, the asset freeze is dissolved.

E.  The FTC's agreement to the suspension of the judgment against the Stipulating Individual Defendant is expressly premised upon the truthfulness, accuracy, and completeness of the Stipulating Defendants' sworn financial statements and related documents (collectively, "financial statements") submitted to the FTC, namely (i) the Financial Statement of Individual Defendant James Novella signed on July 29, 2013, including its attachments; and (ii) the Financial Statement of Corporate Defendant Green Fidelity Allegiance, Inc. signed by James Novella on July 26, 2013, including its attachments;

F.      The suspension of the judgment will be lifted as to the Stipulating
        Individual Defendant if, upon motion by the FTC, the Court finds that
        the Stipulating Individual Defendant failed to disclose any material
        asset, materially misstated the value of any asset, or made any other
        material misstatement or omission in the financial statements
        identified above.

G.      If the suspension of the judgment is lifted, the judgment shall become
        immediately due as to the Stipulating Individual Defendant in the
        amount specified Subsection A above (which the parties stipulate only
        for purposes of this Section represents the consumer injury alleged in
        the Complaint), less any payment previously made pursuant to this
        Section, plus interest computed from the date of entry of this Order.

H.      All money paid to the FTC pursuant to this Order may be deposited
        into a fund administered by the FTC or its designee to be used for
        equitable relief, including but not limited to consumer redress and any
        attendant expenses for the administration of any redress funds.  If a
        representative of the FTC decides that direct redress to consumers is
        wholly or partially impracticable or money remains after redress is
        completed, the FTC may apply any remaining money for such other
        equitable relief, including but not limited to consumer information

remedies, as the FTC determines to be reasonably related to the practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as equitable disgorgement.  The Stipulating Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

I.   The Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

J.   The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

K.   The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

L.   The Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer

Identification Numbers), which the Stipulating Defendants previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

M.   Pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer report concerning the Stipulating Defendants to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## CONTINUATION OF RECEIVERSHIP

V.   **IT IS FURTHER ORDERED** that Thomas W. McNamara, Esq. shall continue as a permanent receiver over the Stipulating Corporate Defendant with full powers of a permanent receiver, including but not limited to those powers set forth in the Stipulated Preliminary Injunction entered by the Court in this matter on August 19, 2013, and including full liquidation powers.  The Receiver is directed to wind up the Stipulating Corporate Defendant and liquidate all assets within 365 days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term for good cause.  Upon termination of the receivership and final payment to the Receiver of all approved fees, costs, and expenses, the

Receiver shall turn over to the FTC or its designated agent all remaining assets in the receivership estate.

## COOPERATION

**VI.** **IT IS FURTHER ORDERED** that the Stipulating Defendants must fully cooperate with representatives of the FTC and the Receiver in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  The Stipulating Defendants must provide truthful and complete information, evidence and testimony.  The Stipulating Individual Defendant must appear and the Stipulating Corporate Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that an FTC representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as an FTC representative may designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

**VII.** **IT IS FURTHER ORDERED** that the Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.   Each Stipulating Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.   For 5 years after entry of this Order, the Stipulating Individual Defendant for any business that the Stipulating Individual Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and the Stipulating Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.   From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

# COMPLIANCE REPORTING

**VIII.  IT IS FURTHER ORDERED** that the Stipulating Defendants make timely

submissions to the FTC:

      A.      One year after entry of this Order, each Stipulating Defendant must

              submit a compliance report, sworn under penalty of perjury.

              1.      Each Stipulating Defendant must:  (a) identify the primary

physical, postal, and email and telephone number, as designated

points of contact, which representatives of the FTC may use to

communicate with such Stipulating Defendant; (b) identify all

of that Stipulating Defendant's businesses by all of their names,

telephone numbers, and physical, postal, email, and Internet

addresses; (c) describe the activities of each business, including

the products and services offered, the means of advertising,

marketing, and sales, and the involvement of any other

Defendant (which the Stipulating Individual Defendant must

describe if he knows or should know due to his own

involvement); (d) describe in detail whether and how that

Stipulating Defendant is in compliance with each Section of

this Order; and (e) provide a copy of each Order

Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC;

2.    Additionally, the Stipulating Individual Defendant must: (a) identify all telephone numbers and physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which the Stipulating Individual Defendant performs services whether as an employee or otherwise and any entity in which the Stipulating Individual Defendant has any ownership interest; and (c) describe in detail the Stipulating Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 20 years following entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Each Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Stipulating Corporate Defendant or any entity that such Stipulating Defendant has any ownership interest in or directly

or indirectly controls that may affect compliance obligations

arising under this Order, including:  creation, merger, sale, or

dissolution of the entity or any subsidiary, parent, or affiliate

that engages in any acts or practices subject to this Order.

2.     Additionally, the Stipulating Individual Defendant must report

any change in:  (a) name, including aliases or fictitious name, or

residence address; or (b) title or role in any business activity,

including any business for which the Stipulating Individual

Defendant performs services whether as an employee or

otherwise and any entity in which the Stipulating Individual

Defendant has any ownership interest, and identify its name,

physical address, and Internet address, if any.

C.     Each Stipulating Defendant must submit to the FTC notice of the

filing of any bankruptcy petition, insolvency proceeding, or any

similar proceeding by or against such Stipulating Defendant within 14

days of its filing.

D.      Any submission to the FTC required by this Order to be sworn under

penalty of perjury must be true and accurate and comply with 28

U.S.C. § 1746, such as by concluding:  "I declare under penalty of

perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on:_____" and supplying the

date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a FTC representative in writing, all

submissions to the FTC pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal

Service) to:  Associate Director for Enforcement, Bureau of Consumer

Protection, Federal Trade Commission, 600 Pennsylvania Avenue

NW, Washington, DC  20580.  The subject line must begin:  *FTC v.*

*Asset & Capital Management Group, et al.*, Matter Number X130055.

## RECORDKEEPING

**IX.**   **IT IS FURTHER ORDERED** that the Stipulating Defendants must create

certain records for 20 years after entry of the Order, and retain each such

record for 5 years.  Specifically, the Stipulating Corporate Defendant and the

Stipulating Individual Defendant for any business in which the Stipulating

Individual Defendant, individually or collectively with any other

Defendants, is a majority owner or directly or indirectly controls, must

maintain the following records:

A.     Accounting records showing the revenues from all goods or services

        sold, all costs incurred in generating those revenues, and the resulting

        net profit or loss;

B.     Personnel records showing, for each person providing services,

        whether as an employee or otherwise, that person's:  name, addresses,

        and telephone numbers; job title or position; dates of service; and, if

        applicable, the reason for termination;

C.     Complaints and refund requests, whether received directly or

        indirectly, such as through a third party, and any response;

D.     All records necessary to demonstrate full compliance with each

        provision of this Order, including all submissions to the FTC; and

E.     A copy of each advertisement or other marketing material.

### COMPLIANCE MONITORING

**X.     IT IS FURTHER ORDERED** that, for the purpose of monitoring the

Stipulating Defendants' compliance with this Order, including the financial

representations upon which part of the judgment was suspended and any

failure to transfer any assets as required by this Order:

A.   Within 14 days of receipt of a written request from a representative of the FTC, each Stipulating Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The FTC is also authorized to obtain discovery, without further leave of Court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the FTC is authorized to communicate directly with each Stipulating Defendant.  The Stipulating Defendants must permit representatives of the FTC to interview any employee or other person affiliated with any Stipulating Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.   The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to the Stipulating Defendants or any individual or entity affiliated with the Stipulating Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the FTC's

lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## ENTRY OF JUDGMENT

XI.   **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to defendants James Novella and Green Fidelity Allegiance, Inc.

## RETENTION OF JURISDICTION

XII.   **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, May 19, 2014.

_____
DALE S. FISCHER
United States District Judge