1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 8:13-cv-01107-DSF-JC |
| Plaintiff, | **STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS TO DEFENDANT SJ CAPITOL, LLC** |
| v. | |
| **ASSET & CAPITAL MANAGEMENT GROUP**, *et al.*, | |
| Defendants. | |

18
19
20
21
22
23
24
25
26
27
28

Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action on July 23, 2013, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a).  On motion by the FTC, on July 24, 2013, this Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze, appointment of receiver, and other equitable relief against Defendant SJ Capitol, LLC.  The Court entered a Stipulated Preliminary Injunction against SJ Capitol on August 19, 2013 ("Stipulated Preliminary Injunction").  The

FTC, defendant SJ Capitol, LLC, and the Receiver have stipulated and agreed to entry of this Final Order for Permanent Injunction and Settlement of Claims ("Order") to resolve all matters in dispute in this action between them.

The Receiver is entering into this Order on behalf of SJ Capitol based upon the powers granted to him under the Stipulated Preliminary Injunction. The Receiver notes that SJ Capitol has not appeared in this action through counsel. The Receiver has spoken to the principal for SJ Capitol, Shenea January, who has indicated she does not intend to oppose entry of this Order.

**FINDINGS**

By stipulation of the parties, the Court finds as follows:

1.   This is an action by the FTC instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a). The Complaint seeks both permanent injunctive relief and equitable monetary relief for the Stipulating Defendant's alleged deceptive acts or practices as alleged therein.

2.   The FTC has the authority under Section 13(b) of the FTC Act and Section 814(a) of the FDCPA to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted against the Stipulating Defendant.

3.  This Court has jurisdiction over the subject matter of this case and has jurisdiction over the Stipulating Defendant.  Venue in the Central District of California is proper.

4.  The activities of the Stipulating Defendant, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.  The Stipulating Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, the Stipulating Defendant admits the facts necessary to establish jurisdiction.

6.  The Stipulating Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  The Stipulating Defendant also waives any claim that it may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.  The FTC and the Stipulating Defendant each shall bear its own costs and attorneys' fees.

7.  This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.  Entry of this Order is in the public interest.

**DEFINITIONS**

1. "**Consumer**" means any person.

2. "**Credit repair services**" means using any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating, or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

3. "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

4. "**Debt collection activities**" means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due, another.

5. "**Debt collector**" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term also includes any creditor who, in the process of collecting its own debts, uses any name other than its own which would

indicate that a third person is collecting or attempting to collect such debts. The term also include any person to the extent such person receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt.

6.  **"Financial-related product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

   A.   provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit;

   B.   provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services;

   C.   provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any secured or unsecured debt relief product or service;

7.  "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

8.  "**Secured or unsecured debt relief product or service**" means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to

(A) negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector; (B) stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession; (C) obtain any forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation; (D) negotiate, obtain, or arrange any extension of the period of time within which the person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral; (E) obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or (F) negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than

a sale to a third party that is not the secured or unsecured loan holder.  The

foregoing shall include any manner of claimed assistance, including, but not

limited to, auditing or examining a person's application for the mortgage,

loan, debt, or obligation.

9.    "**Stipulating Defendant**" means SJ Capitol, LLC and its successors,

assigns, affiliates, or subsidiaries, and each of them by whatever names each

might be known.

## ORDER

## BAN ON DEBT COLLECTIONACTIVITIES

I.    **IT IS THEREFORE ORDERED** that the Stipulating Defendant, whether

acting directly or through any other person, is permanently restrained and

enjoined from:

A.    Engaging in debt collection activities;

B.    Assisting others engaged in debt collection activities; and

C.    Advertising, marketing, promoting, offering for sale, or selling, or

assisting others engaged in the advertising, marketing, promoting,

offering for sale, or selling, of any portfolio of consumer or

commercial debt or any program that gathers, organizes, or stores

consumer information relating to a debt or debt collection activities.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

**II.**   **IT IS FURTHER ORDERED** that the Stipulating Defendant and its officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial-related product or service, are hereby permanently restrained and enjoined from:

   A.   Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

      1.   The terms or rates that are available for any loan or other extension of credit;

      2.   Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

3.      That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

4.      Any aspect of any secured or unsecured debt relief product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such secured or unsecured debt relief product or service; the amount of time before which a consumer will receive settlement of that consumer's debts; or the reduction or cessation of collection calls;

5.      That a consumer will receive legal representation;

6.      That any particular outcome or result from a financial-related product or service is guaranteed, assured, highly likely or probable, or very likely or probable;

7.      The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer; and

8.      Any other fact material to consumers concerning any financial-related product or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B.      Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## CONSUMER INFORMATION

**III.**   **IT IS FURTHER ORDERED** that the Stipulating Defendant and its successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from directly or indirectly:

A.   Failing to provide sufficient consumer information to enable the FTC to administer efficiently consumer redress.  If a representative of the FTC requests in writing any information related to redress, the Stipulating Defendants must provide it, in the form prescribed by the FTC, within 14 days.

B.   Disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) of any person that any Defendant obtained prior to entry of this Order in connection with the collection or attempted collection of any debt, and

C.  Failing to destroy such consumer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the FTC.

D.  **Provided, however,** that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## MONETARY JUDGMENT

IV.  **IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of TWO HUNDRED SIXTY THOUSAND AND TWO HUNDRED FORTY FOUR DOLLARS ($260,244) is entered in favor of the FTC against the Stipulating Defendant as equitable monetary relief.

B.  In partial satisfaction of the judgment against the Stipulating Defendant, all financial institutions holding accounts in the name of, on behalf of, or for the benefit of, the Stipulating Defendant shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver or his designated agent, all funds, if any, in such accounts, including, but not limited to:  (a) Forte Payment Systems shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if

any, in account number xxxx5727 in the name of SJ Capitol d/b/a SCG; (b) Global Payments Direct, Inc. shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account number xxxx0563 in the name of SJ Capitol; (c) JP Morgan Chase Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account numbers xxxx8290 in the name of SJ Capitol d/b/a SCG, and xxxx8700 in the name of SJ Capitol d/b/a SCG; (d) Wells Fargo Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account number xxxx1765 in the name of SJ Capitol;

C.   All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief, including but not limited to consumer information

remedies, as the FTC determines to be reasonably related to the practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the United States Treasury as equitable disgorgement.  The Stipulating Defendant has no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

D.    The Stipulating Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

E.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

F.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

G.    The Stipulating Defendant acknowledges that its Taxpayer Identification Numbers (Social Security Numbers or Employer

Identification Numbers), which the Stipulating Defendant previously

submitted to the FTC, may be used for collecting and reporting on any

delinquent amount arising out of this Order, in accordance with

31 U.S.C. § 7701.

H.   Pursuant to Section 604(a)(1) of the Fair Credit Reporting Act,

15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish

a consumer report concerning the Stipulating Defendant to the FTC,

which shall be used for purposes of collecting and reporting on any

delinquent amount arising out of this Order.

**CONTINUATION OF RECEIVERSHIP**

V.   **IT IS FURTHER ORDERED** that Thomas W. McNamara, Esq. shall

continue as a permanent receiver over the Stipulating Defendant with full

powers of a permanent receiver, including but not limited to those powers

set forth in the Stipulated Preliminary Injunction entered by the Court in this

matter on August 19, 2013, and including full liquidation powers.  The

Receiver is directed to wind up the Stipulating Defendant and liquidate all

assets within 365 days after entry of this Order, but any party or the Receiver

may request that the Court extend the Receiver's term for good cause.  Upon

termination of the receivership and final payment to the Receiver of all

approved fees, costs, and expenses, the Receiver shall turn over to the FTC or its designated agent all remaining assets in the receivership estate.

## COOPERATION

**VI.**   **IT IS FURTHER ORDERED** that the Stipulating Defendant must fully cooperate with representatives of the FTC and the Receiver in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  The Stipulating Defendant must provide truthful and complete information, evidence and testimony.  The Stipulating Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that an FTC representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as an FTC representative may designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

**VII.**   **IT IS FURTHER ORDERED** that the Stipulating Defendant obtain acknowledgments of receipt of this Order:

A.   The Stipulating Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, the Stipulating Defendant, must

deliver a copy of this Order to:  (1) all principals, officers, directors,

and LLC managers and members; (2) all employees, agents, and

representatives who participate in conduct related to the subject matter

of the Order; and (3) any business entity resulting from any change in

structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within 7 days of entry of this Order for current

personnel.  To all others, delivery must occur before they assume their

responsibilities.

C.      From each individual or entity to which the Stipulating Defendant

delivered a copy of this Order, the Stipulating Defendant must obtain,

within 30 days, a signed and dated acknowledgment of receipt of this

Order.

**COMPLIANCE REPORTING**

**VIII.  IT IS FURTHER ORDERED** that the Stipulating Defendant make timely

submissions to the FTC:

A.      One year after entry of this Order, the Stipulating Defendant must

submit a compliance report, sworn under penalty of perjury.  The

Stipulating Defendant must:  (a) identify the primary physical, postal,

and email and telephone number, as designated points of contact,

which representatives of the FTC may use to communicate with the Stipulating Defendant; (b) identify all of the Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other; (d) describe in detail whether and how the Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment  obtained pursuant to this Order, unless previously submitted to the FTC;

B.   For 20 years following entry of this Order, the Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following.  The Stipulating Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of the Stipulating Corporate Defendant or any entity that the Stipulating Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    The Stipulating Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against the Stipulating Defendant within 14 days of its filing.

D.    Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: *FTC v. Asset & Capital Management Group, et al.*, Matter Number X130055.

**RECORDKEEPING**

**IX.**  **IT IS FURTHER ORDERED** that the Stipulating Defendant must create certain records for 20 years after entry of the Order, and retain each such

record for 5 years.  Specifically, the Stipulating Defendant must maintain the following records:

A.   Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.   Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.   Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.   All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E.   A copy of each advertisement or other marketing material.

**COMPLIANCE MONITORING**

**X.   IT IS FURTHER ORDERED** that, for the purpose of monitoring the Stipulating Defendant's compliance with this Order:

A.   Within 14 days of receipt of a written request from a representative of the FTC, the Stipulating Defendant must:  submit additional compliance reports or other requested information, which must be

1   sworn under penalty of perjury; appear for depositions; and produce
2   documents, for inspection and copying.  The FTC is also authorized to
3   obtain discovery, without further leave of Court, using any of the
4   procedures prescribed by Federal Rules of Civil Procedure 29, 30
5   (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the FTC is authorized to
communicate directly with the Stipulating Defendant.  The Stipulating
Defendant must permit representatives of the FTC to interview any
employee or other person affiliated with the Stipulating Defendant
who has agreed to such an interview.  The person interviewed may
have counsel present.

C.   The FTC may use all other lawful means, including posing, through
its representatives, as consumers, suppliers, or other individuals or
entities, to the Stipulating Defendant or any individual or entity
affiliated with the Stipulating Defendant, without the necessity of
identification or prior notice.  Nothing in this Order limits the FTC's
lawful use of compulsory process, pursuant to Sections 9 and 20 of
the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## ENTRY OF JUDGMENT

**XI.** **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to defendant SJ Capitol, LLC.

## RETENTION OF JURISDICTION

**XII.** **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED May 19, 2014**

_____
DALE S. FISCHER
United States District Judge