1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9
10

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 8:13-cv-01107-DSF-JC |
| Plaintiff, | **STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS TO DEFENDANTS THAI HAN, JIM TRAN PHELPS, KEITH HUA, ASSET & CAPITAL MANAGEMENT GROUP, CROWN FUNDING COMPANY, LLC, WESTERN CAPITAL GROUP, INC., CREDIT MP, LLC, AND ONE FC, LLC** |
| v. | |
| **ASSET & CAPITAL MANAGEMENT GROUP,** *et al.*, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19

Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action

on July 23, 2013, pursuant to Section 13(b) of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a).  On motion by the FTC, on

July 24, 2013, this Court entered an *ex parte* temporary restraining order ("TRO")

with asset freeze, appointment of receiver, and other equitable relief against

Defendants Asset & Capital Management Group, Crown Funding Company, LLC,

20
21
22
23
24
25
26
27
28

One FC, LLC, Credit MP, LLC, Western Capital Group, Inc., SJ Capitol, LLC, Green Fidelity Allegiance, Inc., Thai Han, Jim Tran Phelps, Keith Hua, and James Novella [Dkt. No. 13].  On August 19, 2013, the Court entered a Stipulated Preliminary Injunction as to Defendants Thai Han, Jim Tran Phelps, Keith Hua, Asset & Capital Management Group, Crown Funding Company, LLC, Western Capital Group, Inc., Credit MP, LLC, and One FC, LLC ("Stipulated PI") [Dkt. No. 51].  The FTC, defendants Thai Han, Jim Tran Phelps, Keith Hua, Asset & Capital Management Group, Crown Funding Company, LLC, Western Capital Group, Inc., Credit MP, LLC, and One FC, LLC, and the Receiver have stipulated and agreed to entry of this Final Order for Permanent Injunction and Settlement of Claims ("Order") to resolve all matters in dispute in this action between them.

## FINDINGS

By stipulation of the parties, the Court finds as follows:

1.  This is an action by the FTC instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a). The Complaint seeks both permanent injunctive relief and equitable monetary relief for the Stipulating Defendants' alleged deceptive acts or practices as alleged therein.

2.  The FTC has the authority under Section 13(b) of the FTC Act and Section 814(a) of the FDCPA to seek the relief it has requested, and the

Complaint states a claim upon which relief can be granted against the Stipulating Defendants.

3.    This Court has jurisdiction over the subject matter of this case and has jurisdiction over the Stipulating Defendants.  Venue in the Central District of California is proper.

4.    The activities of the Stipulating Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.    The Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, the Stipulating Defendants admit the facts necessary to establish jurisdiction.

6.    The Stipulating Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  The Stipulating Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.  The FTC and the Stipulating Defendants each shall bear its own costs and attorneys' fees.

7.    This action and the relief awarded herein are in addition to, and not in lieu

of, other remedies as may be provided by law, including both civil and

criminal remedies.

8.    Entry of this Order is in the public interest.

**DEFINITIONS**

1.    "**Consumer**" means any person.

2.    "**Credit repair services**" means using any instrumentality of interstate

commerce or the mails to sell, provide, or perform any service, in return for

the payment of money or other valuable consideration, for the express or

implied purpose of (i) improving any consumer's credit record, credit

history, or credit rating, or (ii) providing advice or assistance to any

consumer with regard to any activity or service described in clause (i).

3.    "**Debt**" means any obligation or alleged obligation to pay money arising out

of a transaction, whether or not such obligation has been reduced to

judgment.

4.    **"Debt collection activities"** means any activities of a debt collector to

collect or attempt to collect, directly or indirectly, a debt owed or due, or

asserted to be owed or due, another.

5.    **"Debt collector"** means any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The term also includes any creditor who, in the process of collecting its own debts, uses any name other than its own which would indicate that a third person is collecting or attempting to collect such debts. The term also includes any person to the extent such person receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt.

6.      "**Financial-related product or service**" means any product, service, plan, or program represented, expressly or by implication, to:

A.      provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit;

B.      provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services;

C.      provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any secured or unsecured debt relief product or service;

7.      "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

8.    "**Receivership Entities**" means the Stipulating Corporate Defendants, AFK Solutions, LLC; Alhambra Enterprises; American FP, LLC; American PG, LLC; Asset Portfolio Partners, LLC; Capital FC, LLC; Capital FP, LLC; Capital IG, LLC; First CG, LLC; First FF, LLC; First FG, LLC; First FS, LLC; First Franklin Holdings, Inc.; First Planners United, LLC; First Technology Services; Freeman United Holdings, LLC; Global AG, LLC; Global Holding Services, LLC; Global Pacific Financial Services; Grant Services Management, LLC; Han Dynasty, Inc.; Heinz Capital Financial, LLC; Heinz Capital Funding, LLC; International Capital Holdings; Ish Inc.; Las Vegas Funding & Financial; Leon Solutions Services, LLC; National FC, LLC; National IG, LLC; National Service Partners, LLC; New Capital Holdings, Inc.; One World Film Ventures, LLC; P&P Group Insurance; Pacific Holding Partners, LLC; Portfolio MG, LLC; Premiere PG, LLC; Revere Recovery Group, LLC; Software and Computer Professionals; United CC Holdings, LLC; United FP, LLC; United Holding Services, LLC; United Services Partnership, LLC; Web Audit, LLC; and any successors, assigns, affiliates, and subsidiaries that conduct any business related to the Defendants' debt collection business and that the Receiver has reason to believe are owned or controlled in whole or in part by any of the Stipulating Defendants.

9.  "**Regulated depository institution**" means a national bank, a member bank of the Federal Reserve System, a bank insured by the Federal Deposit Insurance Corporation, a branch or agency of a foreign bank or commercial lending company owned or controlled by a foreign bank, a Federal or State savings association, a Federal credit union, or any other institution otherwise regulated by the Federal Reserve Board, the Office of the Comptroller of the Currency, the Federal Deposit Insurance Corporation, or the National Credit Union Administration.

10. "**Secured or unsecured debt relief product or service**" means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to (A) negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector; (B) stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession; (C) obtain any

forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation; (D) negotiate, obtain, or arrange any extension of the period of time within which the person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral; (E) obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or (F) negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.  The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a person's application for the mortgage, loan, debt, or obligation.

11. "**Stipulating Individual Defendants**" means Thai Han, Jim Tran Phelps, and Keith Hua.

12. "**Stipulating Corporate Defendants**" means Asset & Capital Management Group, Crown Funding Company, LLC, One FC, LLC, Credit MP, LLC,

and Western Capital Group, Inc., and their successors, assigns, affiliates, or

subsidiaries, and each of them by whatever names each might be known.

13. "**Stipulating Defendants**" means the Stipulating Individual Defendants and

the Stipulating Corporate Defendants, individually, collectively, or in any

combination, and each of them by whatever names each might be known.

## ORDER

## BAN ON DEBT COLLECTION ACTIVITIES

I. **IT IS THEREFORE ORDERED** that the Stipulating Defendants, whether

acting directly or through any other person, are permanently restrained and

enjoined from:

A. Engaging in debt collection activities;

B. Assisting others engaged in debt collection activities; and

C. Advertising, marketing, promoting, offering for sale, or selling, or

assisting others engaged in the advertising, marketing, promoting,

offering for sale, or selling, of any portfolio of consumer or

commercial debt or any program that gathers, organizes, or stores

consumer information relating to a debt or debt collection activities.

*Provided*, that Section I.C. shall not prohibit a Stipulating Individual

Defendant from engaging in any activity involving or related to the

advertising, marketing, promoting, offering for sale, or selling of any

portfolio of consumer or commercial debt, if the Stipulating Individual

Defendant is the employee of a regulated depository institution and engages

in the activity in the context of such employment.  This proviso shall not be

construed to limit the licensing or regulatory powers of any federal, state, or

local government agency or other entity regulating depository institutions.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL-RELATED PRODUCTS OR SERVICES

II.   **IT IS FURTHER ORDERED** that the Stipulating Defendants and their

officers, agents, servants, employees, and attorneys, and those persons or

entities in active concert or participation with any of them who receive

actual notice of this Order by personal service, facsimile transmission, email,

or otherwise, whether acting directly or through any corporation, subsidiary,

division, or other device, in connection with the advertising, marketing,

promotion, offering for sale or sale of any financial-related product or

service, are hereby permanently restrained and enjoined from:

A.   Misrepresenting or assisting others in misrepresenting, expressly or by

implication, any material fact, including but not limited to:

1.   The terms or rates that are available for any loan or other

extension of credit;

2.   Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

3.   That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

4.   Any aspect of any secured or unsecured debt relief product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such secured or unsecured debt relief product or service; the amount of time before which a consumer will receive settlement of that consumer's debts; or the reduction or cessation of collection calls;

5.   That a consumer will receive legal representation;

6.   That any particular outcome or result from a financial-related product or service is guaranteed, assured, highly likely or probable, or very likely or probable;

7.    The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer; and

8.    Any other fact material to consumers concerning any financial-related product or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B.    Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## CONSUMER INFORMATION

**III.**    **IT IS FURTHER ORDERED** that the Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from directly or indirectly:

A.   Failing to provide sufficient consumer information to enable the FTC to administer efficiently consumer redress.  If a representative of the FTC requests in writing any information related to redress, the Stipulating Defendants must provide it, in the form prescribed by the FTC, within 14 days.

B.   Disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) of any person that any Defendant obtained prior to entry of this Order in connection with the collection or attempted collection of any debt, and

C.   Failing to destroy such consumer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the FTC.

D.   **Provided, however,** that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

**MONETARY JUDGMENT AND PARTIAL SUSPENSION**

**IV.   IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of EIGHTY NINE MILLION, EIGHT

HUNDRED TWENTY SIX THOUSAND, NINE HUNDRED AND

EIGHTY SIX DOLLARS ($89,826,986) is entered in favor of the

FTC against the Stipulating Defendants, jointly and severally, as

equitable monetary relief.

B.    In partial satisfaction of the judgment against the Stipulating

Defendants:

1.    All financial institutions holding accounts in the name of, on

behalf of, or for the benefit of, any Receivership Entity shall,

within ten (10) business days from receipt of a copy of this

Order, transfer to the Receiver or his designated agent, all

funds, if any, in such accounts, including, but not limited to:

(a) Bank of America shall, within ten (10) business days of

receipt of a copy of this Order, transfer to the Receiver or his

designated agent all funds, if any, in account numbers

xxxx5269 in the name of Asset & Capital Management Group,

xxxx5264 in the name of Crown Funding Company, LLC,

xxxx5277 in the name of Western Capital Group, Inc.,

xxxx3637 in the name of Credit MP, LLC, xxxx8155 in the

name of One FC, LLC, xxxx5272 in the name of American FP,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LLC, xxxx2778 in the name of Asset Portfolio Partners, LLC,

xxxx2779 in the name of Asset Portfolio Partners, LLC,

xxxx5271 in the name of Capital FC, LLC, xxxx5270 in the

name of Capital IG, LLC, xxxx6075 in the name of First

Planners United, LLC, xxxx4465 in the name of Global AG,

LLC, xxxx6067 in the name of Global Holding Services, LLC,

xxxx6067 in the name of Global AG, LLC, xxxx4087 in the

name of Han Dynasty, Inc., xxxx2073 in the name of New

Capital Holdings, LLC, xxxx6263 in the name of Revere

Recovery Group, LLC, xxxx5276 in the name of United CC

Holdings, LLC, xxxx2811 in the name of United Services

Partnership, LLC, xxxx5500 in the name of Alhambra

Enterprises, xxxx1274 in the name of Las Vegas Funding and

Financial, LLC, xxxx5274 in the name of National FC, LLC,

xxxx6037 in the name of National Services Partners, LLC,

xxxx5275 in the name of Portfolio MG, LLC, xxxx5281 in the

name of American PG, LLC, xxxx5279 in the name of Capital

FP, LLC, xxxx5280 in the name of First FF, LLC, xxxx5278 in

the name of First FG, LLC, xxxx7902 in the name of First FS,

LLC, xxxx8788 in the name of Freeman United Holdings, LLC,

xxxx3884 in the name of Global Pacific Financial Services,

xxxx2788 in the name of Grant Services Management, LLC,

xxxx8658 in the name of Heinz Capital Financial, LLC,

xxxx3902 in the name of Leon Solutions Services, LLC,

xxxx7884 in the name of National IG, LLC, xxxx9741 in the

name of P&P Group Insurance, xxxx5282 in the name of

Pacific Holding Planners, LLC, xxxx6275 in the name of

Portfolio MG, LLC, and xxxx8087 in the name of Premier PG,

LLC;

(b) Forte Payment Systems shall, within ten (10) business days

of receipt of a copy of this Order, transfer to the Receiver or his

designated agent all funds, if any, in account numbers

xxxx4995 in the name of Western Capital Group, Inc.,

xxxx4905 in the name of Credit MP, LLC, xxxx4683 in the

name of American FP, LLC, xxxx5040 in the name of Global

AG, LLC, xxxx5052 in the name of United CC Holdings, LLC,

and xxxx4806 in the name of United Services Partnership,

LLC;

(c) Global Payments Direct, Inc. shall, within ten (10) business

days of receipt of a copy of this Order, transfer to the Receiver

or his designated agent all funds, if any, in account numbers

xxxx5447 in the name of Western Capital Group, Inc.,

xxxx5424 in the name of Credit MP, LLC, xxxx5444 in the

name of One FC, LLC, xxxx5384 in the name of American FP,

LLC, xxxx5451 in the name of Global AG, LLC, xxxx5423 in

the name of Revere Recovery Group, LLC, xxxx5457 in the

name of United CC Holdings, LLC, xxxx5408 in the name of

United Services Partnership, LLC, xxxx5391 in the name of

National Services Partners, LLC, xxxx6015 in the name of

Asset & Capital Management Group, xxxx9082 in the name of

Western Capital Group, Inc., xxxx6382 in the name of Credit

MP, LLC, xxxx7585 in the name of One FC, LLC, xxxx7586 in

the name of American FP, LLC, xxxx7587 in the name of

Capital FC, LLC, xxxx7752 in the name of Capital IG, LLC,

xxxx8653 in the name of First Planners United, LLC, xxxx6240

in the name of Global AG, LLC, xxxx9096 in the name of

Global Holding Services, LLC, xxxx9081 in the name of New

Capital Holdings, LLC, xxxx9440 in the name of Revere

Recovery Group, LLC, xxxx7031 in the name of United CC

Holdings, LLC, xxxx0306 in the name of United Services

Partnership, LLC, xxxx6217 in the name of United FP, Inc., xxxx5768 in the name of Las Vegas Funding & Financial, xxxx7386 in the name of National FC, LLC, xxxx8652 in the name of National Services Partners, LLC, xxxx7387 in the name of Portfolio MG, LLC, xxxx9068 in the name of American PG, LLC, xxxx7834 in the name of First FF LLC, xxxx9069 in the name of First FG, LLC, xxxx7833 in the name of First FS LLC, xxxx9065 in the name of Freeman United Holdings, LLC, xxxx9066 in the name of Heinz Capital Financial LLC, xxxx7832 in the name of National IG LLC, and xxxx9067 in the name of Pacific Holding Planners, LLC;

(d) JP Morgan Chase Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account numbers xxxx7540 in the name of Portfolio MG, LLC, xxxx7524 in the name of First Grant Holdings, LLC, and xxxx2228 in the name of Pacific Holding Planners, LLC; and

(e) Wells Fargo Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account numbers

xxxx9438 in the name of Capital IG, LLC, xxxx3891 in the name of First CG, Inc., xxxx4912 in the name of First CG, Inc., xxxx3945 in the name of One World Film Ventures LLC, xxxx1445 in the name of United FP, Inc., xxxx0995 in the name of United FP, Inc., xxxx8895 in the name of Web Audict, xxxx0537 in the name of Web Audict, xxxx9436 in the name of First Franklin Holdings Inc., xxxx4953 in the name of First Franklin Holdings Inc., xxxx2422 in the name of Individual Security Investor Services, xxxx2714 in the name of Individual Security Investor Services, xxxx7719 in the name of Las Vegas Funding & Financial, LLC, xxxx9772 in the name of Las Vegas Funding & Financial, LLC, xxxx9444 in the name of First Technology Services, xxxx4946 in the name of First Technology Services, xxxx6861 in the name of Ish Inc., xxxx9291 in the name of Ish Inc., xxxx0511 in the name of Software and Computer Professionals, xxxx8903 in the name of Software and Computer Professionals, xxxx9134 in the name of United Holding Services LLC, and xxxx8367 in the name of United Holding Services LLC;

2.    Ally Bank shall, within ten (10) business days from receipt of a

copy of this Order, (i) transfer to the FTC or its designated

agent all funds, if any, in account number xxxx1113 in the

name of Thai & Sarah Han and account number xxxx8716 in

the name of Thai & Sarah Han; and (ii) liquidate certificate of

deposit number xxxx2150 in the name of Thai & Sarah Han and

certificate of deposit number xxxx0981 in the name of Thai &

Sarah Han, and transfer the proceeds of such liquidation to the

FTC or its designated agent;

3.    Defendant Han shall, within ten (10) business days from receipt

of a copy of this Order, transfer to the Receiver title to (i) the

2010 Mercedes C63 identified on his financial statement, and

(ii) the 2011 BMW X6M identified on his financial statement.

Defendant Han shall cooperate fully with the Receiver and shall

execute any instrument or document presented by the Receiver,

and do whatever else the Receiver deems necessary or desirable

to effect such transfers.  Upon such transfers, the vehicles shall

be assets of the receivership estate, to be governed by Section V

of this Order;

4.      Defendant Han shall, within twenty-one (21) days from receipt of a copy of this Order, transfer to the Receiver title to the real property located at 19648 Mulberry Drive, Walnut, California. Defendant Han shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and do whatever else the Receiver deems necessary or desirable to effect such transfer.  Upon such transfer, the real property shall be an asset of the receivership estate, to be governed by Section V of this Order; provided, however, that upon the sale of such real property, the Receiver shall transfer to the Internal Revenue Service ("IRS") from the net sales proceeds an amount equal to the lesser of (i) $1,699,967 or (ii) the net sales proceeds, as partial payment of Defendant Han's outstanding federal tax liability; provided, further, that if for any reason and at any time, the IRS rejects, refunds, or otherwise returns to Defendant Han, in whole or in part, the payment contemplated by this subsection, then within five (5) days of receipt of such refund or return from the IRS, Defendant Han shall transfer the returned funds to the FTC or its designated agent;

5.   Defendant Han shall, within two (2) months, either (i) transfer to the FTC or its designated agent cash in the amount of $50,000, or (ii) transfer to the Receiver title to the real property located at 70 Deermont, Irvine, California, in which case Defendant Han shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and do whatever else the Receiver deems necessary or desirable to effect such transfer.  Upon such transfer, the real property shall be an asset of the receivership estate, to be governed by Section V of this Order, provided that Defendant Han shall have the right of first offer on any sale of such property;

6.   Funds in the amount of $698,867.38 transferred from counsel for the Stipulating Defendants to the Receiver on November 5, 2013 and that constitute the amount of funds repatriated by the Stipulating Individual Defendants shall be assets of the receivership estate, to be governed by Section V of this Order;

7.   Defendant Phelps shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent, cash in the amount of $10,000;

8.      Defendant Phelps shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver title to (i) the 2010 Aston Martin Vantage V12 identified on his financial statement and (ii) the 2010 Cadillac CTS-V identified on his financial statement.  Defendant Phelps shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and do whatever else the Receiver deems necessary or desirable to effect such transfers. Upon such transfers, the vehicles shall be assets of the receivership estate, to be governed by Section V of this Order;

9.      Defendant Hua shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver title to the 2007 BMW M6 identified on his financial statement.  Defendant Hua shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and do whatever else the Receiver deems necessary or desirable to effect such transfer.  Upon such transfer, the vehicle shall be an asset of the receivership estate, to be governed by Section V of this Order;

C.    Upon completion of the asset transfers identified in this Section, the remainder of the judgment is suspended as to the Stipulating Individual Defendants, subject to the Subsections below.

D.    The asset freeze is modified to permit the transfers identified in this Section.  Upon completion of those transfers, the asset freeze is dissolved.

E.    The FTC's agreement to the suspension of the judgment against the Stipulating Individual Defendants is expressly premised upon the truthfulness, accuracy, and completeness of the Stipulating Defendants' sworn financial statements and related documents (collectively, "financial statements") submitted to the FTC, namely (i) the Financial Statement of Individual Defendant Thai Han signed on August 5, 2013, including its attachments; (ii) the Financial Statement of Individual Defendant Jim Tran Phelps signed on August 5, 2013, including its attachments; (iii) the Financial Statement of Individual Defendant Keith Hua signed on August 5, 2013, including its attachments; (iv) the Financial Statement of Corporate Defendant Asset & Capital Management Group signed by Thai Han on August 15, 2013, including its attachments; (v) the Financial Statement of Corporate Defendant Crown Funding

Company, LLC signed by Thai Han on August 15, 2013, including its attachments; (vi) the Financial Statement of Corporate Defendant Western Capital Group, Inc. signed by Thai Han on August 15, 2013, including its attachments; (vii) the Financial Statement of Corporate Defendant Credit MP, LLC signed by Thai Han on August 16, 2013, including its attachments; and (viii) the Financial Statement of Corporate Defendant One FC, LLC signed by Thai Han on August 16, 2013, including its attachments.

F. The suspension of the judgment will be lifted as to a Stipulating Individual Defendant if, upon motion by the FTC, the Court finds that the Stipulating Individual Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial statements identified above.

G. If the suspension of the judgment is lifted, the judgment shall become immediately due as to that Stipulating Individual Defendant in the amount specified Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H.     All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief, including but not limited to consumer information remedies, as the FTC determines to be reasonably related to the practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the United States Treasury as equitable disgorgement.  The Stipulating Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

I.     To ensure this Order effectuates disgorgement, Defendant Han shall not, directly or indirectly, take any deduction, capital loss, or other tax benefit on any federal or state tax return for any asset transfer made to the Receiver or FTC pursuant to this Order.  Within fourteen (14) days of receipt of a written request from the FTC, Defendant Han shall take all necessary steps, including but not limited to filing with

the IRS a completed IRS Form 4506 or 8821, to cause the IRS or

other tax authority to provide information directly to the FTC.

J.      The Stipulating Defendants relinquish dominion and all legal and

equitable right, title, and interest in all assets transferred pursuant to

this Order and may not seek the return of any assets.

K.      The facts alleged in the Complaint will be taken as true, without

further proof, in any subsequent civil litigation by or on behalf of the

FTC, including in a proceeding to enforce its rights to any payment or

monetary judgment pursuant to this Order, such as a

nondischargeability complaint in any bankruptcy case.

L.      The facts alleged in the Complaint establish all elements necessary to

sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the

Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have

collateral estoppel effect for such purposes.

M.      The Stipulating Defendants acknowledge that their Taxpayer

Identification Numbers (Social Security Numbers or Employer

Identification Numbers), which the Stipulating Defendants previously

submitted to the FTC, may be used for collecting and reporting on any

delinquent amount arising out of this Order, in accordance with 31

U.S.C. § 7701.

N.     Pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15

U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a

consumer report concerning the Stipulating Defendants to the FTC,

which shall be used for purposes of collecting and reporting on any

delinquent amount arising out of this Order.

## CONTINUATION OF RECEIVERSHIP

**V.**     **IT IS FURTHER ORDERED** that Thomas W. McNamara, Esq., shall

continue as a permanent receiver over the Receivership Entities with full

powers of a permanent receiver, including but not limited to those powers

set forth in the Stipulated PI, and including full liquidation powers.  The

Receiver is directed to wind up the Receivership Entities and liquidate all

assets within 365 days after entry of this Order, but any party or the Receiver

may request that the Court extend the Receiver's term for good cause.  Upon

termination of the receivership and final payment to the Receiver of all

approved fees, costs, and expenses, the Receiver shall turn over to the FTC

or its designated agent all remaining assets in the receivership estate.

## COOPERATION

**VI.**     **IT IS FURTHER ORDERED** that the Stipulating Defendants must fully

cooperate with representatives of the FTC and the Receiver in this case and

in any investigation related to or associated with the transactions or the

occurrences that are the subject of the Complaint.  The Stipulating

Defendants must provide truthful and complete information, evidence and

testimony.  The Stipulating Individual Defendants must appear and the

Stipulating Corporate Defendants must cause their officers, employees,

representatives, or agents to appear for interviews, discovery, hearings,

trials, and any other proceedings that an FTC representative may reasonably

request upon 5 days written notice, or other reasonable notice, at such places

and times as an FTC representative may designate, without the service of a

subpoena.

**ORDER ACKNOWLEDGMENTS**

**VII.** **IT IS FURTHER ORDERED** that the Stipulating Defendants obtain

acknowledgments of receipt of this Order:

A.   Each Stipulating Defendant, within 7 days of entry of this Order, must

submit to the FTC an acknowledgment of receipt of this Order sworn

under penalty of perjury.

B.   For 5 years after entry of this Order, each Stipulating Individual

Defendant for any business that such Stipulating Individual

Defendant, individually or collectively with any other Defendant, is

the majority owner or directly or indirectly controls, and each

Stipulating Corporate Defendant, must deliver a copy of this Order to:

(1) all principals, officers, directors, and LLC managers and members;
(2) all employees, agents, and representatives who participate in
conduct related to the subject matter of the Order; and (3) any
business entity resulting from any change in structure as set forth in
the Section titled Compliance Reporting.  Delivery must occur within
7 days of entry of this Order for current personnel.  To all others,
delivery must occur before they assume their responsibilities.

C.   From each individual or entity to which a Stipulating Defendant
delivered a copy of this Order, that Stipulating Defendant must obtain,
within 30 days, a signed and dated acknowledgment of receipt of this
Order.

**COMPLIANCE REPORTING**

**VIII.  IT IS FURTHER ORDERED** that the Stipulating Defendants make timely
submissions to the FTC:

A.   One year after entry of this Order, each Stipulating Defendant must
submit a compliance report, sworn under penalty of perjury.

1.   Each Stipulating Defendant must:  (a) identify the primary
physical, postal, and email and telephone number, as designated
points of contact, which representatives of the FTC may use to
communicate with such Stipulating Defendant; (b) identify all

Page 30 of 37

of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Stipulating Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC;

2.    Additionally, each Stipulating Individual Defendant must:

(a) identify all telephone numbers and physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Stipulating Individual Defendant performs services whether as an employee or otherwise and any entity in which such Stipulating Individual Defendant has any ownership interest; and (c) describe in detail such Stipulating Individual

Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For 20 years following entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.  Each Stipulating Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Stipulating Corporate Defendant or any entity that such Stipulating Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.  Additionally, each Stipulating Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Stipulating Individual Defendant performs services whether as an employee or otherwise and any entity in which such Stipulating Individual

Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.    Each Stipulating Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Stipulating Defendant within 14 days of its filing.

D.    Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Asset & Capital Management Group, et al.*, Matter Number X130055.

**RECORDKEEPING**

**IX.** **IT IS FURTHER ORDERED** that the Stipulating Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, each Stipulating Corporate Defendant and each Stipulating Individual Defendant for any business in which such Stipulating Individual Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. A copy of each advertisement or other marketing material.

**COMPLIANCE MONITORING**

**X.    IT IS FURTHER ORDERED** that, for the purpose of monitoring the

Stipulating Defendants' compliance with this Order, including the financial

representations upon which part of the judgment was suspended and any

failure to transfer any assets as required by this Order:

      A.    Within 14 days of receipt of a written request from a representative of

the FTC, each Stipulating Defendant must:  submit additional

compliance reports or other requested information, which must be

sworn under penalty of perjury; appear for depositions; and produce

documents, for inspection and copying.  The FTC is also authorized to

obtain discovery, without further leave of Court, using any of the

procedures prescribed by Federal Rules of Civil Procedure 29, 30

(including telephonic depositions), 31, 33, 34, 36, 45, and 69.

      B.    For matters concerning this Order, the FTC is authorized to

communicate directly with each Stipulating Defendant.  The

Stipulating Defendants must permit representatives of the FTC to

interview any employee or other person affiliated with any Stipulating

Defendant who has agreed to such an interview.  The person

interviewed may have counsel present.

C.      The FTC may use all other lawful means, including posing, through

its representatives, as consumers, suppliers, or other individuals or

entities, to the Stipulating Defendants or any individual or entity

affiliated with the Stipulating Defendants, without the necessity of

identification or prior notice.  Nothing in this Order limits the FTC's

lawful use of compulsory process, pursuant to Sections 9 and 20 of

the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## ENTRY OF JUDGMENT

**XI.** **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to defendants Thai Han, Jim Tran Phelps, Keith Hua, Asset & Capital Management Group, Crown Funding Company, LLC, Western Capital Group, Inc., Credit MP, LLC, and One FC, LLC.

## RETENTION OF JURISDICTION

**XII.** **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, May 19, 2014.

_____
DALE S. FISCHER
United States District Judge